Pleading and practice; standing to sue; challenge to Federal Government’s monetary and fiscal policies; Court of Claims jurisdiction. — On May 2, 1980 the court entered the following order:
Pollie Harris McElroy, with whom was Assistant Attorney General Alice Daniel, for defendant.
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
Defendant moves this court for summary judgment in its favor and the dismissal of plaintiffs petition. Although defendant raises a number of grounds in support of its motion, it is only necessary to consider defendant’s contention that plaintiff lacks standing to maintain this action.
Plaintiff, pro se, is a fixed income retiree who seeks monetary and injunctive relief against the United States. He alleges that since 1939 the Government’s monetary and fiscal policies: (1) have depreciated the value of his life savings and other financial resources so as to constitute the taking of his property without due process of law and just compensation in violation of his Fifth Amendment rights; (2) are in violation of the authority granted to Congress, pursuant to Article 1, Section 8 of the Constitution, to coin money and regulate the value thereof; and (3) constitute an embezzlement which has caused him anguish, insecurity, and feelings of inferiority and degradation.
The Court of Claims is a judicial court, created under Article III of the Constitution. Glidden Co. v. Zdanok, 370 U. S. 530 (1962). Consequently, cases before this court are subject to the same case or controversy requirement as are matters before other federal courts. As part of this requirement, it is necessary for plaintiff to show he has standing to litigate the matter sought to be litigated. In the absence of standing, we lack subject matter jurisdiction to entertain a plaintiffs complaint. Schlesinger v. Reservists Committee to Stop the War, 418 U. S. 208 (1974).
Reduced to its essentials, plaintiffs claim is that the federal government’s monetary and fiscal policies, by resulting in inflation, have caused him injury. Yet injury of this sort is suffered to varying degrees by all members of the general public. Plaintiff is therefore seeking to air a generalized grievance, held in common by the public as a whole, about the conduct of the federal government. This *609 sort of grievance is, however, not sufficient to confer standing on plaintiff. Schlesinger v. Reservists Committee to Stop the War, id.; Flast v. Cohen, 392 U. S. 83, 106 (1968); Reuss v. Balles, 584 F.2d 461 (D.C. Cir. 1978). In the absence of standing, we have no alternative but to dismiss plaintiffs petition.
it is therefore ordered, without the need for oral argument, that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed in its entirety.